# BREWIES v. BREWIES.—178 S. W. (2d) 84.

Eastern Section. November 2, 1943.

Petition for Certiorari denied by Supreme Court, January 8, 1944.

Henson W. Schoolfield, of Chattanooga, for complainant appellant.

Davis & Jones, of Chattanooga, for defendant, who also appeals.

HALE, J. The complainant and defendant appeal from a most unusual decree awarding each a divorce from the other on the original and cross bill. The divorce he obtained was based on her cruel and inhuman treatment of him, while the divorce she was awarded was because her husband "walked out on and refused to longer live with" her. She was given certain property and in addition he was ordered to make certain alimony payments.

The grounds set forth in the bill are:

"Petitioner shows to the Court that for a greater part of their married life the defendant has been ill and high tempered, constantly nagging him, until for the past several years she has constantly grown worse until it finally came to the place some weeks ago when he was compelled to leave home.

"He shows that she, without any foundation, has accused him of almost everything she could think of. That she screams and holloas and arouses the neighborhood, and finally circulates that he has beaten and assaulted her; that she has gone to his place of employment and falsely accused him of mistreatment of her to his employers. That she has finally come to the place where she is threatening constantly to kill him, and it was necessary as long as he remained in the home to lock himself in this room at night. That he is fearful of bodily injury if he remained there longer; that for many weeks

before he left the home he had been afraid to eat anything in the home on account of her threats to kill him.

"On one occasion when he was trying to discuss their domestic troubles the defendant constantly, after opening the windows so the neighbors could hear, beat on a trunk and reported to the neighbors that he was beating her and almost beat her to death, which was without foundation.

"He charges that her conduct was and became so cruel and inhuman as to render his condition intolerable in the home and he was thereby forced to withdraw from her.

"He charges that her circulation of false reports about him has embarrassed and humiliated him among his friends and neighbors."

It is to be doubted if these allegations are sufficient (Code, Sec. 8430; Page v. Turcott, Tenn. Sup., 167 S. W. (2d) 350), but we have preferred to consider the case on its merits.

In her answer the defendant denies these charges and avers their married life was reasonably happy until January, 1939, when she discovered he was having an affair with another; that a reconciliation was effected and that shortly thereafter he became infatuated with another and would be much in her company and give her valuable presents; and that by reason of this infatuation he would find fault with defendant and curse and abuse her and accuse her of being crazy. That he had persuaded her to join with him in conveying away their home on his promise to invest in another, and that he had fraudulently disposed of the proceeds of sale and had deserted her. She filed a cross bill in which she averred the statements in her answer were true and elaborated there-

on; that her husband "without reasonable cause or just excuse wilfully walked out and left her;" that he had "been guilty of such cruel and inhuman treatment and conduct toward her as renders cohabitation unsafe and improper or for cross-complainant to be under the dominion and control of cross-defendant."

She prayed for a divorce a mensa et thoro and asked for alimony and counsel fees. His answer denies her charges.

Proof was heard and the learned Circuit Judge decreed that each should have a divorce a vinculo from the other as hereinbefore set forth. Plaintiff moved in arrest of judgment so far as his wife was given a divorce and awarded alimony, because 1) she had asked for a divorce from bed and board; and 2) the granting of a divorce to him precluded the granting of a divorce to her. This was overruled and both parties appeal and assign error to the action of the court below.

This decree is self emasculating and cannot stand.

How can it be said that she was guilty of such cruel and inhuman treatment of him as would authorize a severance of the marital ties, and in the same breath say that he "walked out on cross plaintiff and refused to longer live with her" (which we believe was intended to charge desertion) so as to authorize her to receive a divorce? Each was in fault; each was without fault, according to the decree.

Each action is based upon Code, Sec. 8427, authorizing divorce from bed and board, or, in the discretion of the court, from the bonds of matrimony. By Sec. 8444 it is provided the defendant may plead the "ill conduct of the complainant as a justifiable cause for the conduct complained of."

. It is argued that the decree giving the wife a divorce and alimony is void because a divorce had been granted the husband. Both were embodied in the same decree. While it is true the divorce to the husband was in a paragraph immediately preceding the award of a divorce to the wife, both were given at the same time and neither supersedes the other.

In Corpus Juris Secundum it is said:

"A divorce ordinarily will not be granted where both parties are equally at fault.

"As a general rule, sometimes declared by statute, divorce is a remedy for the innocent against the guilty; hence, if both parties are equally at fault, a divorce will not be granted. If the conduct of both, parties has been such as to furnish grounds for divorce, neither [party] is entitled to relief, or, as the rule sometimes is expressed, if both parties have a right to a divorce, neither of the parties has." 27 C. J. S., Divorce, Sec. 67a, pp. 623, 624.

In American Jurisprudence it is said:

"It is a general principle of the common law that whoever seeks redress for the violation of a contract resting upon mutual and dependent covenants, in order to obtain success, must himself have performed the obligations on his part. Something analogous to this principle is found in the doctrine of recrimination or compensatio criminis, which was originally borrowed from the canon law, by which the defendant in divorce proceedings is permitted to contest the plaintiff's application on the ground of his own violation of the marriage contract, in order to set off, to use the language of the cases, the equal guilt of the plaintiff. It is well settled in this country, under the doctrine of recrimination that the defendant to an action for divorce may set up as a defense in bar that the plain-

tiff was guilty of misconduct which in itself would be a ground for divorce. This right to set up one matrimonial offense in bar of another is an application of the equitable rule that one who invokes the aid of a court must come into it with a clear conscience and clean hands, and although the misconduct of the plaintiff occurs after the commencement of his or her suit, it is as fully effective to bar the right to a divorce therein as if it had occurred previous to the commencement of the suit. Under some statutes, however, a refusal of a divorce when both parties are guilty of violating the marriage contract is left to the discretion of the trial court. Under such a statute, the trial court may, in its discretion, grant a divorce, even though both parties are found to be in equal wrong.'' 17 Am. Jr. ''Divorce, etc.,'' Sec. 233, pps. 267, 268.

Inasmuch as the decree in question destroys itself so far as any inference or presumption can be based thereon in this court, we think it is necessary for us to make a finding of fact. This is difficult because ''paper is a non conductor'' and it is impossible for a transcript to convey the appearance and demeanor of the witness while on the stand. Especially is this true in cases of this nature were often love as turned to hate and insignificant matters are apt to be magnified so as to make mountains out of mole hills.

 (The Court then proceeded to make a finding of facts which is included in the opinion filed in this cause, from which it was concluded that neither party was entitled to a divorce, and the husband was directed to make certain contributions for the support of the wife.)

Reversed and remanded.