HELEN GLADYS AKINS, Complainant-Appellee, v.
DOUGLAS BEAUMONT AKINS, Defendant-Appellant.
—456 S.W.2d 354.

Middle Section.   December 5, 1969.

Certiorari Denied by Supreme Court February 16, 1970.

508

Rutherford, Crockett & Guenther, Nashville, for complainant-appellee, Helen Gladys Akins.

Dale Quillen, Nashville, for defendant-appellant Douglas Beaumont Akins.

PURYEAR, J.  This appeal is from a decree of the Probate Court of Davidson County, granting the appellee, Helen Gladys Akins, an absolute divorce from the appellant, Douglas Beaumont Akins, awarding custody of three of the minor children to the appellee and custody of one of said children to the appellant, Douglas Beaumont Akins, awarding appellee $150.00 per month for support of the three children whose custody was awarded to her, ordering the appellant to pay appellee's solicitor $1,000.00 as his fee for representing appellee, and dividing jointly owned property between the parties, which property consisted of a farm, a beauty shop, household furnishings and horses.

In addition to referring to the parties herein as appellant and appellee, we will also refer to them by their names, Mr. and Mrs. Akins.

Appellee, Mrs. Akins, filed the original bill for divorce against the appellant, Mr. Akins, on March 25, 1968 to which the appellant filed an answer on May 7, 1968.

Thereafter, on September 11, 1968, the appellant filed a cross-bill against the appellee seeking an absolute divorce from her. In the original bill, appellee charged the appellant with cruel and inhuman treatment and in the cross-bill, appellant also charged the appellee with cruel and inhuman treatment.

On October 28, 1968, appellee filed an answer to the appellant's cross-bill and, in said answer she made certain affirmative allegations charging the appellant with misconduct, not alleged in the original bill, and she asked that such additional allegations be treated as an amendment to her original bill.

The record does not reveal that the appellant filed any written answer to the amended bill, but the record does disclose that the parties went to trial in the case upon the agreement that the answer which the appellant filed to the original bill be treated as an answer denying the allegations of misconduct in the amended bill.

Upon the foregoing pleadings, the case was tried before the Honorable Shelton Luton, Probate Judge, upon oral and documentary evidence, with the result aforesaid.

From the decree of the trial Court, the appellant, Mr. Akins, has prayed and perfected an appeal and filed six assignments of error.

The first matter which confronts us is a motion filed by the appellee to dismiss the appeal because of the appellant's failure to file assignments of error within

twenty-five days after the transcript of the record was filed in this Court.

■ In resisting this motion to strike the assignments of error and dismiss the appeal, counsel for appellant has filed an affidavit showing sufficient reasons for failure to file the assignments within the proper time, therefore we find that violation of the rule was not wilful and we overrule the motion. See Clothier v. Clothier (1950), 33 Tenn. App. 532, 232 S.W.2d 363.

■ Appellee has also filed another motion to limit the appeal ''to the action of the Court in overruling defendant's motion for a rehearing regarding the award of certain horses to complainant (T.R. 41) on the ground that the thirty days for an appeal was tolled by the filing of the motion to reconsider, as to the matter of certain horses only, and an appeal was not seasonably prayed and perfected as to any other matter.

The technical record shows that the final decree was rendered on February 6, 1969, and that on March 6, 1969, appellant prayed a broad appeal from ''all other adverse action and decrees in this cause at the present term.'' (Tec.R. p. 41)

Hence, the case is before us upon a broad appeal prayed and perfected within thirty days after entry of final decree. Therefore, the motion to limit the appeal is likewise overruled.

In his first three assignments, appellant complains of the action of the trial Court in overruling his motion to strike for insufficiency, as to time and place, certain allegations of misconduct appearing in appellee's original bill and amended bill.

This motion was made orally at the time the case was called for trial on October 29, 1968, on which date the trial actually began. At that time, appellant had previously filed an answer denying all of the allegations of cruel and inhuman treatment contained in the original bill.

Appellant's motion to strike the allegations in the amended bill was predicated upon the fact that said amended bill was not verified by oath of the appellee and this defect was quickly corrected by having appellee verify the amended bill by proper oath appended thereto on October 29, 1968.

■ The motion to require allegations of the original bill to be more specific, as to time and place, should have been before the appellant filed his answer.

In Gibson's Suits in Chancery we find the following:

"2. *Waivers When Operative on the Defendant.* The parties to a litigation are adversaries, and when either of them, and especially the defendant, fails to take advantage of an opportunity to weaken his adversary, or strengthen himself, the Court, acting as umpire, concludes that, for reasons satisfactory to himself, he waives such opportunities. Therefore, the failure of the defendant to have the bill dismissed because not signed, or not properly sworn to, or because of the want of a prosecution bond, or some fatal defect therein, or in the pauper oath, or for want of jurisdiction of the person, or local jurisdiction of the subject matter, or because the bill is multifarious, or there is a misjoinder of parties complainant, or because of failure of complainant to comply in due season with some statutory requirement, or order or rule of the Court, or to take some step at the right time, or to do some other thing in

the orderly prosecution of his suit, will be regarded as a waiver of his (the defendant's) right to do so, he not having taken advantage thereof at the proper time and in the proper manner." Gibson's Suits in Chancery (Fifth Ed.) Section 82, pp. 107, 108

In Kenner v. City National Bank (1931), 164 Tenn. 119, 46 S.W.2d 46, the Supreme Court said that, in pleading, an advanced step virtually waives exceptions which should be antecedently made. To the same effect, is the ruling of the Supreme Court in Cooke v. Richards (1872), 58 Tenn. 711.

■ Both the original and amended bills in the instant case aver a ground for divorce embodied in the statute, to-wit, cruel and inhuman treatment rendering cohabitation unsafe and improper. It is correct that the bill should set forth particularly and specifically the cause of complaint, with circumstances of time and place, with reasonable certainty. (T.C.A. 36-805).

However, as said by the Supreme Court in Brown v. Brown (1929), 159 Tenn. 551, 20 S.W.2d 1037:

"It must be borne in mind that *reasonable* certainty only is exacted, not 'mathematical certainty,' as expressed by Judge Cooper in Dismukes v. Dismukes, 1 Tenn. Ch. 266. And the manifest purpose of the statute must be borne in mind, which was to convey notice to the defendant in order that he might defend intelligently." Supra. p. 553, 20 S.W.2d 1038.

■ We think the bills allege the cause of complaint with reasonable certainty, because they contain allegations that the appellant committed certain specified acts of misconduct. If the allegations of misconduct were so vague that

the appellant did not know what he was called upon to admit or deny, it is difficult for us to understand how he could deny them, as he did in the answer which he filed to the original bill.

Therefore, the first, second and third assignments are respectfully overruled.

■ In his fifth assignment of error, appellant insists that the trial Court erred in granting appellee a divorce after he found that the "fault is on the part of both parties."

It is correct, as insisted by appellant, that in his memorandum opinion the trial Judge made the following statement:

"As in all of these divorce cases, the fault is on the part of both parties. From the testimony of the parties and from observing at the hearing and considering all of the testimony brought out in the hearing, the Court has concluded that these parties cannot again live happily together as man and wife and therefore an absolute divorce is warranted."

(Tec.R. p. 34)

However, this statement in the opinion is also followed by the conclusion of the trial Judge, including the following:

"Complainant is entitled to an absolute divorce from the defendant on the ground of cruel and inhuman treatment."

(Tec.R. p. 34)

Also, the final decree entered in the case on February 6, 1969, contains the following:

"From the foregoing it appears to the Court, as set out in memorandum opinion filed by the Court, that the allegations of the original bill are supported by the proof, that is, that defendant is guilty of such cruel and inhuman treatment toward complainant as renders it unsafe and improper for her to longer live and cohabit with him and be under his dominion and control."

(Tec.R. p. 37)

In support of his insistence under this fifth assignment, appellant relies upon Brewies v. Brewies (1943), 27 Tenn. App. 68, 178 S.W.2d 84, wherein this Court said that a divorce ordinarily would not be granted where both parties are equally at fault. The Brewies case is distinguishable from the instant case by reason of the fact that, in the instant case there was no finding by the trial Judge that the parties were equally at fault.

A further distinction can be found in the fact that in the Brewies case each spouse sued the other for divorce and the trial Judge decreed that each should have a divorce a vinculo from the other and, on appeal, this Court found that the decree was self-emasculating and could not stand.

In the later case of Schwalb v. Schwalb (1955), 39 Tenn.App. 306, 282 S.W.2d 661, this Court, in an opinion written by Judge Bejach, said:

"* * * while it is true that if the conduct of both parties has been such as to furnish grounds for divorce, neither party is entitled to relief, nevertheless, to bar a petitioning husband's right to relief, the defending wife must prove a marital offense on the part of the husband which would have entitled her to a divorce if she had

asked for it. Douglas v. Douglas, 156 Tenn. 655, 660, 4 S.W.2d 358; Brewies v. Brewies, 27 Tenn.App. 68, 72, 178 S.W.2d 84; 17 Am.Jur. Pr. Divorce and separation, Sec. 234, p. 268." Supra, p. 672.

It is a matter of common knowledge among the members of the Bench and Bar that divorces are properly granted in many cases where the petitioning spouse may, to some extent, be in fault, yet the misconduct of the defending spouse is so overwhelmingly disproportionate to that of the petitioning spouse as to constitute grounds for granting the petitioning spouse a divorce. This is properly done where the alleged and proven acts of misconduct on the part of the petitioning spouse are not such as to entitle the defending spouse to a divorce or to constitute a defense to the action because of recrimination.

The fifth assignment is respectfully overruled.

In his fourth assignment, appellant insists that the trial Court erred in admitting certain hearsay testimony as evidence in the case and in the sixth assignment he insists that the trial Court erred in two respects, as follows: (1) By granting appellee a divorce where the pleadings did not contain sufficient allegations of cruel and inhuman treatment and (2) that the evidence preponderates against the decree of divorce.

Unfortunately, we cannot consider the bill of exceptions or any portion of the assignments which require a consideration of the evidence introduced upon the trial of the cause.

Volume One of the bill of exceptions contains, in the index thereof, lists of exhibits as follows:

"Exhibit No. 1 (checks); Exhibit No. 2 (menu); Exhibit No. 3 (documents); Exhibit No. 4 (photographs); Exhibit No. 5 (document); Exhibit No. 6 (checks)."

Another volume of the bill of exceptions, which bears no number, contains an index of exhibits as follows: "Exhibit 1 (Sheet of assets listing); Exhibit 2 (1967 income tax report)."

The foregoing constitute all of the exhibits introduced as evidence upon trial of the case, but none of them are included in the bill of exceptions or elsewhere in the record, despite the fact that the certificate of the trial Judge appended to the bill of exceptions recites that it contains all of the evidence.

The dilemma with which we are confronted here is similar to that which existed in the case of Wilson v. Tranbarger (1964), 218 Tenn. 208, 402 S.W.2d 449, with the exception, however, that in Tranbarger, some exhibits were found in the record but they were not authenticated by the trial Judge or filed with the Clerk of the Court.

In Tranbarger, the Supreme Court refused to consider a wayside bill of exceptions because the exhibits were not authenticated by the trial Judge or filed with the Clerk, and this refusal to consider the wayside bill of exceptions was despite the fact that the trial Judge certified it contained all of the evidence.

On this question the Court quoted with approval from an opinion of this Court in State for Use and Benefit of Henderson County ex rel. Hanover v. Stewart (1958), 46 Tenn.App. 75, 326 S.W.2d 688, as follows:

' "The rule which we deduce from the cases relied on by appellees, and from other cases therein cited, or

which we have found by independent research, is that notwithstanding a recital in a bill of exceptions that it contains all of the evidence, if it affirmatively appears that other evidence was introduced in the lower court, which either was or might have been material, and where consideration of the evidence is material to' the issues raised on appeal, the recital in the bill of exceptions that it contains all the evidence will be ignored and the judgment of the lower court affirmed.'' ' Wilson v. Tranbarger, supra, 218 Tenn. p. 216, 402 S.W.2d p. 452.

In determining whether the evidence preponderates against the decree of the trial Court and whether hearsay evidence was improperly considered so as to constitute reversible error, it would be necessary for us to consider all of the evidence. Since the exhibits heretofore mentioned, constitute material and determinative evidence, the bill of exceptions is incomplete and we must conclusively presume that the action of the trial Judge was correct in admitting the evidence which appellant contends was hearsay and in determining all the evidence sustained the allegations of appellee's original and amended bills.

As to the first proposition raised under the sixth assignment, to the effect that allegations of the original and amended bills were not sufficient to warrant the trial Court in granting the appellee a divorce, we have already stated that said bills did contain allegations that appellant did commit certain specified acts of misconduct.

However, we might also point out that in the original and amended bills the appellee alleged, among other things, the following:

(1) That on December 24, 1967, appellant drew a coat-hanger on appellee and threatened and cursed her in the presence of the children and (2) that the appellant attempted to have relations with appellee's niece in his own home.

These allegations are sufficient to justify granting an absolute divorce upon the grounds of cruel and inhuman treatment.

Therefore, the fourth and sixth assignments of error are respectfully overruled.

Despite the fact that we have not had an opportunity to consider all the evidence in the case, the writer of this opinion has read all the evidence contained in the bill of exceptions and concluded that such evidence as is contained therein does not preponderate against the decree of the trial Court.

The decree of the trial Court is affirmed and the appellant will pay all of the costs of this appeal.

Shriver, P. J. (M.S.), and Todd, J., concur.