Janette Louise Winfrey PERRY,
Plaintiff–Appellee,

v.

William Allen PERRY,
Defendant–Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 30, 1988.

Petition to Rehear Denied by Supreme
Court Feb. 21, 1989.

Robert L. Jackson, Nashville, for plaintiff-appellee.

Jack Norman, Jr., Nashville, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

In this divorce case, the husband, William Allen Perry, has appealed from a judgment awarding to the wife, Janette Louise Winfrey Perry, an absolute divorce on grounds of cruel and inhuman treatment.

The first issue presented for review is as follows:

I. The Court erred in granting the wife a divorce upon the statutory ground of cruel and inhuman treatment, when the proof showed that the wife has been guilty of cruel and inhuman treatment and adultery.

*The Pleadings*

On May 9, 1986, the wife filed her complaint alleging time of separation as "time of filing", and grounds as "Irreconcilable differences and cruel and inhuman treatment."

On July 2, 1986, the husband filed his answer stating:

Husband denies that he has been guilty of cruel and inhuman treatment or

any other grounds for divorce. Husband is unaware of the alleged "irreconcilable differences" that the wife claims exist in the parties' marriage. The husband does not believe that the wife has any grounds for divorce of any nature whatsoever and it is his hope that his marriage can be preserved. The husband, however, does reserve the right to file a counter-petition if necessary.

Husband therefore prays that wife's petition be dismissed at her cost.

On December 10, 1987, the husband moved for leave to file a "cross petition" for absolute divorce. On January 8, 1988, the husband filed a "Cross Petition for Absolute Divorce" in which he charged that the wife had been guilty of cruel and inhuman treatment and adultery. On January 13, 1988, an order was entered granting leave to file a "Cross Bill".

On January 14, 1988, the wife filed her "Answer to Counter Petition for Absolute Divorce" which stated:

2. She denies that she has been guilty of such cruel and inhuman treatment or conduct towards Mr. Perry as renders further cohabitation unsafe and improper, and demands strict proof of this allegation at the trial of this cause.

3. She admits that she has committed adultery, however, such adultery occurred long after the separation of these parties and was not the cause of the break-up of this marriage.

. . . .

Pursuant to T.C.A. § 36–4–102, Mrs. Perry avers the affirmative defense to the charges brought against her, and hereby avers that ill conduct of Mr. Perry was a justifiable cause for the conduct complained of against her, and thereby, she requests the Court to dismiss the Complaint, and she go henceforth with her reasonable costs.

On February 23, 1988, following a trial, the Trial Judge filed a memorandum stating:

The Court finds neither of these parties are guiltless in the breakup of this marriage. The Court cannot overlook or condone Mrs. Perry's admitted adultery,

however the proof shows this misconduct occurred long after the separation of the parties. The Court finds the wife's association with and contact with Mr. Knight very strange but there was actually no proof of misconduct presented to the Court. Therefore the Court must determine the party with the least fault in order for a decree of absolute divorce to be rendered herein.

After much consideration and review of the evidence and testimony, as well as admissions of the parties, the Court hereby awards an absolute divorce to Mrs. Perry upon the grounds of cruel and inhuman treatment.

The counterclaim of the respondent, Mr. Perry is hereby dismissed as it pertains to granting him an absolute divorce.

On March 1, 1988, an order was entered incorporating the memorandum, granting a divorce to the wife, fixing custody of children and dividing the marital property.

Initially, it is necessary to consider and determine the application to this case of the recent decision of the Tennessee Supreme Court in the case of *Thomasson v. Thomasson*, Tenn.1988, 755 S.W.2d 779. The opinion in that case states:

This litigation was initiated by Husband's complaint for divorce on grounds of adultery, cruel and inhuman treatment and irreconcilable differences. It was filed on 19 November 1985 and on 27 November 1985 Wife filed an original complaint for divorce on grounds of cruel and inhuman treatment and irreconcilable differences. No answer was filed by either party.

... on 25 July 1986 the trial judge filed a memorandum opinion granting Wife a divorce on the ground of cruel and inhuman treatment and dismissing Husband's complaint for divorce....

We granted Husband's Rule 11 application because neither of the courts below recognized in any way that Wife's own proof established Husband's cause of action for divorce on the ground of adultery, to which there was no defense

under the pleadings, the proof or the law applicable to this case.

. . . .

Wife denied that she had any extramarital sexual involvement with anyone other than Mike Joyce until 5 November 1985. She described the affair with Joyce as a very brief one in January and February 1985, . . .

On direct examination Wife described the beginning of her romantic relationship with Bret Broadwater as follows:

A. On November the fifth, nineteen eighty-five at the Holiday Inn in Virginia Beach, Bret Broadwater and I totally committed ourselves to one another and we decided that we wanted to spend the rest of our lives together and we consummated that commitment to one another.

. . . .

However, taking her testimony at face value, she provided proof of Husband's case for divorce on the ground of adultery. The trial judge observed during the course of the trial that Husband's charge of adultery was "conceded" by Wife. As we construe the trial judge's memorandum opinion, after ignoring Wife's adultery with Mike Joyce, he held that Wife's ground for divorce, cruel and inhuman treatment, matured on Labor Day 1985 and her adultery committed with Bret Broadwater after Labor Day was of no factual or legal significance. . . .

. . . We find that Wife committed adultery with Mike Joyce in January and February of 1985. . . .

(4) In the instant case, Husband has alleged and proved adultery occurring prior to the lower court's finding that Wife's ground of cruel and inhuman treatment had matured pursuant to the finding of the lower courts, and later, adultery with another man. As stated, under Chastain, the statutory defense of justifiable cause, T.C.A. § 36–4–120, is not available where the ground for divorce is adultery. It is therefore immaterial whether the adultery precedes or

follows the defendant's cause of action for cruel and inhuman treatment.

. . . we conclude that Wife has sustained a cause of action for cruel and inhuman treatment. *While it is immaterial to the result of this case*, these parties were not "separated" until Wife's announcement on 8 November that she intended to marry another man. A spouse cannot arbitrarily select a separation date that suits his or her convenience or fancy without notice to his or her spouse, and continue sharing the same home, without a compelling reason for doing so. No such reason was advanced here.

. . . .

(7) The result is that Husband has proven a cause of action for divorce to which Wife is without a valid defense and Wife has proven a cause of action for divorce to which Husband is without a valid defense. In such circumstances the Court cannot award a divorce to either party and their respective suits must be dismissed. See *Brewies v. Brewies*, 27 Tenn.App. 68, 178 S.W.2d 84 (1944) and *Akins v. Akins*, [61 Tenn.App. 506, 456 S.W.2d 354 (1969) ], supra. (Emphasis supplied) 755 S.W.2d at 780–787.

This Court is requested to distinguish the *Thomasson* case from the present case on the ground that the admitted adultery in *Thomasson* occurred "prior to the separation", whereas the admitted adultery in the present case occurred "after the separation".

In *Schwalb v. Schwalb*, 39 Tenn.App. 306, 282 S.W.2d 661, this Court said:

(4) The argument is made that it was improper for either the Chancellor or this Court to consider matters that occurred after the separation. There is no merit is this contention. Not only was it proper for the Chancellor to consider matters which occurred after the separation and before the filing of the bill for divorce, but, in addition, he could properly have considered matters which occurred after the filing of the bill if same had been incorporated therein by amendment or supplemental bill. *Anderson v.*

*Anderson,* 3 Tenn.Civ.App. 423. 39 Tenn.App. at 328 [282 S.W.2d 661].

In *Thomasson,* the Trial Judge ignored the admitted adultery in January, 1985, found adultery in November, 1985, but disregarded it because the separation was found to have occurred on Labor Day (September), 1985. The Supreme Court said:

> While it is immaterial to the result of this case, these parties were not "separated" until Wife's announcement on November 8 that she intended to marry another man. A spouse cannot arbitrarily select a separation date that suits his or her convenience or fancy without notice to his or her spouse; and continue sharing the same house, without a compelling reason for doing so.

This Court would add to the above authorities the comment that, if post-separation adultery is not a ground for divorce, then any spouse is privileged to "move out" of the marital home and cohabit with another without creating a ground for divorce. Such an interpretation of the statute would largely emasculate its intent and effect.

It is true that, in cases where a spouse seeks to excuse his or her own misconduct by misconduct of the complaining spouse, the relative times of the misconduct of the spouses may be material. Otherwise, as stated by the Supreme Court in *Thomasson,* the time of the misconduct in relation to the time of separation is immaterial.

This court is neither authorized nor disposed to "split hairs" in an effort to distinguish or otherwise avoid the ruling of the Supreme Court in *Thomasson v. Thomasson,* which is the law of this State until the Supreme Court rules or the General Assembly legislates otherwise. In her pleading and in her sworn testimony, the plaintiff has admitted adulterous conduct which would entitle defendant to a divorce. This is conclusive against her unless there is other credible evidence which would negative the effect of such admission. *John P. Saad & Sons Co. v. Nashville Thermal Transfer Corp.,* Tenn.App.1982, 642 S.W. 2d 151 and authorities cited therein. *Johnson v. Steele,* Tenn.App.1976, 541 S.W.2d 795, and authority cited therein.

The Trial Judge has found the defendant guilty of conduct which would entitle the plaintiff to a divorce. The evidence does not preponderate against this finding, hence it must be presumed to be correct. T.R.A.P.Rule 13(d).

Under the plain holding of *Thomasson v. Thomasson,* the judgment in the present case must be reversed.

It is significant that, in both *Thomasson* and in the present case, the ground of irreconcilable differences was alleged in the pleadings. In both cases, the allegation appears to have been ignored. This may be rationalized in *Thomasson* by the supposition that the record in that case did not contain a compliance with the requirements of T.C.A. § 36–4–103 for the granting of a divorce on grounds of irreconcilable differences. The present record suffers from the same lack.

The disposition of the present appeal should be no bar to a new effort to obtain a divorce upon grounds of irreconcilable differences supported as required by T.C.A. § 36–4–103.

The judgment of the Trial Court is reversed. Both plaintiff's suit and defendant's counterclaim are dismissed. All costs, including costs of this appeal will be taxed equally, that is, one half of all costs is taxed to each party.

The cause is remanded for collection of Trial Court costs and any other proceeding which may be necessary and proper.

LEWIS and CANTRELL, JJ., concur.