IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 26, 2006 Session

## WILLIAM JAMES JEKOT v. PENNIE CHRISTINE JEKOT

**Appeal from the Circuit Court for Rutherford County**
**No. 48908     Robert E. Corlew, Judge**

------------------

**No. M2006-00316-COA-R3-CV - Filed on January 3, 2007**

------------------

D. MICHAEL SWINEY, J., Separate Dissenting and Concurring Opinion

I respectfully both concur and dissent from the majority opinion in this case. I agree with the majority that the Trial Court's judgment should be modified to award alimony *in futuro* to Wife because Wife is not capable of being totally rehabilitated and that the amount of alimony awarded should be altered. However, I cannot concur with the amount awarded by the majority.

My difficulty with the amount of alimony awarded by the majority is two fold. First, the majority operates under the assumption that this fifty-five year old adult, well educated and in good health, must be assumed, not proved but assumed, to have absolutely zero earning capacity. This assumption, I believe, is contrary to both the evidence in this case and to the public policy of this state as established by the Tennessee Legislature by the enactment of the relevant statutory provisions related to alimony. Second, I believe the majority's award of $9,000 per month in alimony *in futuro* exceeds Wife's proven needs.

The majority correctly notes that Wife seriously inflated her stated expenses by literally thousands of dollars. For example, despite the fact that Wife testified that the marital home awarded to her in the property division is in "sound" condition, her claimed necessary expenses for "home maintenance, labor, and repairs" run over $31,000 a year. This does not include the almost $5,000 per year for "equipment and replacement fund for the residence" that Wife claims is necessary. Nor does it include the over $14,000 per year for "lawn and garden maintenance" that Wife has included. Wife also includes $45,000 per year for her "savings fund." Clearly the record shows that Wife's proven expenses, and therefore her resulting need, is far less than the $9,000 per month awarded by the majority. Additionally, what should not be forgotten is that Wife, according to the majority, received assets totaling $1,468,758.00 in the property division.

Of even greater concern to me is what I believe to be the majority's failure to give effect to the Legislature's stated public policy for this state. It is clearly the public policy of this state that where an economically disadvantaged spouse may be able to be rehabilitated, such a rehabilitation is the goal. *See* Tenn. Code Ann. § 36-5-121(d)(2). Likewise it is clear that alimony *in futuro* is appropriate to, in effect, make up the difference "where a spouse may be only partially rehabilitated...." *See* Teen. Code Ann. § 36-5-121(d)(4). I believe it is the clear public policy of this state, as shown by the statutes enacted by our Legislature, that each divorcing adult has to accept, to the extent feasible for that adult, responsibility for his or her own support.

Despite the complete absence of any supporting evidence, the majority assumes that Wife, a healthy and well educated adult, has absolutely zero earning capacity and will always have zero earning capacity. It is equally clear from the evidence in the record and in the majority's opinion that Wife has made no effort to obtain gainful employment, while continuing to work virtually full time at her avocation, the animal shelter. While I believe the majority is correct that Wife cannot be sufficiently rehabilitated so as to obviate the need for any alimony in the future, there is absolutely nothing in the statutes or case law that requires or even permits this Court to assume that this healthy, well educated, fifty-five year old adult who has displayed the ability to work long hours by her volunteer work at her avocation has zero earning capacity.

What is exceptionally telling is Wife's statement in her brief, made with no citation to any supporting evidence, that "[a]t her age of 55, obtaining further education and training to improve her earning capacity to a reasonable level is not practical." Apparently, the majority wholeheartedly accepts this conclusion despite all the evidence to the contrary. Likewise, it appears to be Wife's position, and apparently is a position accepted by the majority, that if she cannot improve her earning capacity to what she believes is a "reasonable level", she has zero earning capacity and never has to work at a job for pay. Again, I believe there is a total absence of evidence in the record supporting this conclusion by Wife as accepted by the majority. I believe the conclusion that a healthy, intelligent, and well educated fifty-five year old adult has zero earning capacity is both patronizing and unsupported either by the evidence in the record or the law of this state. I am unaware of anything in Tennessee law that requires Husband to continue to cover 100% of Wife's living expenses so that she may devote her full time to her avocation, the animal shelter, no matter how worthy such a cause may be.

Taking all the above into consideration, I would, respectfully, vacate the Trial Court's award of alimony and remand this matter to the Trial Court to receive additional proof to determine the appropriate amount of alimony *in futuro* to be awarded to Wife. On remand, I would instruct the Trial Court that the alimony *in futuro* award must take into consideration Wife's actual needs and likewise must consider her earning capacity. I would further instruct the Trial Court on remand that Wife, a healthy, smart, and well educated fifty-five year old adult who, in effect, works full time at her avocation rather than a vocation, cannot be found to have zero earning capacity. I believe such instructions on remand to be both necessary and appropriate given the record before us and relevant Tennessee law.

From the record before us, it is without dispute that Wife is a fifty-five year old healthy, smart, and well educated adult who is prevented in no way from earning at least some minimal amount of income at a some full time paying employment. While such employment may well prevent Wife from continuing to devote her full time to her avocation, the animal shelter, I am aware of nothing in Tennessee law that says Wife should be permitted to continue her avocation rather than a vocation all at Husband's continued expense. I believe the public policy of this state as established by our Legislature requires no less. I believe it is clear public policy that a divorcing adult must be responsible, to the extent feasible given that adult's circumstances and situation, for supporting himself or herself, and that each such adult's earning capacity must be considered in determining whether or not alimony is appropriate, and if so, the amount. I believe to hold otherwise treats that adult as a dependent child solely because she or he is now a former spouse. I believe such a result is contrary to the clear public policy of this state, and I therefore, respectfully dissent from the majority's opinion as to the amount of alimony awarded. I concur in the remainder of the majority's opinion.

_____
D. MICHAEL SWINEY