Joann A. BOYATT

v.

Boyce Wayne BOYATT, et al.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

May 15, 2007 Session.

June 19, 2007.

Permission to Appeal Denied by
Supreme Court Oct. 15, 2007.

Max Huff, Oneida, Tennessee, for the Appellant, Boyce Wayne Boyatt.

Johnny V. Dunaway, LaFollette, Tennessee, for the Appellee, Joann A. Boyatt.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

The issue we are confronted with in this case is whether the trial court properly dismissed a divorce case, thus leaving the parties married. Wife filed a complaint for divorce, alleging grounds of inappropriate marital conduct and irreconcilable differences. Husband filed a counter-complaint in which he requested a divorce based on inappropriate marital conduct, irreconcilable differences, and adultery. At trial, both parties admitted that they had committed adultery. The trial court continued the case for three weeks to give Husband and Wife an opportunity to divide the marital estate themselves, rather than having the trial court perform the task. However, the parties were unable to reach an agreement, and, at the next court date, Wife moved to dismiss both her complaint and Husband's counter-complaint. The trial court granted Wife's motion and dismissed the case. Husband appeals. After careful review, we find the trial court erred in dismissing the divorce action. We vacate and remand for entry of an order declaring the parties divorced on the ground of inappropriate marital conduct.

### I. Background

This case arises from the attempted dissolution of a twenty-five-year marriage. Joann Boyatt ("Wife") and Boyce Wayne Boyatt ("Husband") married on October 19, 1979. Wife filed for divorce in 2002, but the parties reconciled. Wife again filed for divorce on June 14, 2004, alleging grounds of inappropriate marital conduct and irreconcilable differences. In addition to her husband, Wife named Husband's brothers, Boyatt Brothers Excavation, Wayne Boyatt Excavation & Logging, and First Trust & Savings Bank (the "Bank") as defendants in the lawsuit, due to their potential interest and/or control over property which might be classified as marital property in the divorce action.[1]

Husband answered and filed a counter-complaint for divorce on July 23, 2004, alleging grounds of inappropriate marital

---

1. After hearing evidence, the trial court determined that the additional defendants were not proper parties to this action. However, an order of dismissal was entered only as to the Bank.

conduct, irreconcilable differences, and adultery.

A trial was conducted on May 24, 2006, during which the testimony focused primarily on the businesses operated by Husband and his brothers, how the assets were held and purchased, and the amount of debt owed by the parties. Minimal testimony was offered regarding the grounds for divorce alleged by Wife and Husband.[2] At the close of proof, the trial court encouraged the parties to work out an agreement instead of forcing the trial court to resolve the case:

> And if I have to decide this lawsuit—I always reserve the right to dismiss it and go home. But if I have to decide this lawsuit, Mr. Boyatt, you will be destroyed. You cannot stand the sale. The banker has told you that. I would have no choice but to order everything that you own sold.
>
> * * *
>
> This case needs to be worked out. I can't decide this lawsuit based on the proof that's here other than this is a twenty-five year marriage and if she's been guilty of adultery doesn't affect property settlement. She's still entitled to half. I have to give her half. The only way I can get half is to sell. And if I sell, it's not a good thing. You're the only man that can save yourself, and that's to work some agreement out with her, retain your fair share. You're entitled to your fair share. But you're going to have to kind of work this deal out.

The trial court then continued the case for three weeks to give Husband and Wife time to try to reach an agreement resolving the division of their property. When the case came before the trial court again on June 12, 2006, the parties reported that they were unable to effect a compromise. Wife moved to dismiss her complaint and Husband's counter-complaint, and the trial court granted the motion on the basis that both parties had committed adultery. Husband appeals.[3]

## II. Issue Presented

The issue presented by Husband on appeal is whether the trial court erred in dismissing the Husband's counter-complaint and leaving the parties married.

## III. Standard of Review

▉ In a non-jury case such as this one, we review the record *de novo* with a presumption of correctness as to the trial court's determination of facts, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R.App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993). When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings. *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn.1999). The trial court's conclusions of law are accorded no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn.1993).

---

2. Husband and Wife are the parents of one son, who has reached the age of majority. Therefore, custody and child support were not issues in this case.

3. Husband is the only defendant who appealed the trial court's ruling. Deffis Boyatt, Dale Boyatt, Boyatt Brothers Excavating, Wayne Boyatt Excavating & Logging, and First Trust Savings Bank did not file briefs on appeal. We find that the trial court properly dismissed these defendants, leaving Husband as the sole defendant in this divorce action.

## IV. Analysis

Following the parties' divorce trial, the trial court granted a three-week continuance to give the parties an opportunity to settle their disputes to avoid a court-ordered sale of their marital estate. When the parties returned to court, having been unsuccessful at reaching a compromise, the trial court granted Wife's oral motion to dismiss the lawsuit. The trial court's Order of Dismissal reflecting this ruling stated in part:

> After entertaining the testimony of the parties, the Court finds that both parties have committed adultery and neither party is entitled to relief on their Complaint and Counter Complaint. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Complaint and Counter Complaint [sic] for Divorce are both dismissed.

As an initial matter, we note that neither party, either in their pleadings or during the trial, asserted that the cause of action should be dismissed because both parties committed adultery.[4] The record does not contain a transcript of the June 12, 2006 hearing at which the trial court granted Wife's motion to dismiss. Thus, we do not know why the Wife made the motion or why the trial court opted to dismiss the action, when it had previously indicated that it would grant a divorce and sell the marital estate in order to provide for an equitable distribution of assets between the parties. The only basis for the trial court's decision that Husband and Wife were precluded from being divorced was its finding that both parties had committed adultery.

---

4. Although Wife filed the initial complaint for divorce, on appeal, she has not asserted any error by the trial court in dismissing her complaint and Husband's counter-complaint.

## A. Trial Court's Finding of Adultery by Husband and Wife

■ Neither Husband nor Wife has raised an issue regarding the trial court's finding that both spouses had committed adultery during the marriage. We find ample evidence in the record to support this finding. In his deposition, parts of which were introduced at the trial of this matter, Husband testified as follows regarding his extramarital activities:

Q: State your name.

A: Boyce Wayne Boyatt, Junior.

Q: Where are you living now?

A: 116 Oak Park Apartments.

Q: Who is living there with you?

A: Part of the time Lois.

Q: When did you start dating Lois?

A: The last of July.

Q: Of 2004?

A: Of 2004.

Q: Did you see her some before you separated and moved into the apartment?

A: I seen her pretty regular.

\* \* \*

Q: And you and Lois have sexual relations from time to time?

A: Sure do.

Q: Do you have some other ladies that you have sexual relations with from time to time?

A: Yeah.

Q: And who would those be?

A: I ain't saying on them.

Wife testified at trial regarding Husband's adultery and other activities which prompted the couple's separation in 2004:

---

In fact, Wife argues that the trial court was correct in dismissing the lawsuit and refusing to divorce the parties.

He started laying out and not coming home until three and four o'clock in the morning, telling me he had girlfriends. He would be drunk, rubbing it in my face, hollering and screaming, shoving and pushing. Twenty-four hours later, he couldn't even remember what he'd done.

Husband offered no evidence to contradict Wife's assertions regarding his behavior.

Wife also admitted that she is involved in an extramarital relationship with Arthur Anderson. Although it is unclear when Wife's affair with Mr. Anderson began, she conceded that Mr. Anderson has frequently stayed overnight with her at the marital residence since Husband moved out. Mr. Anderson was also called to testify at the Boyatts' divorce trial, and his statements confirmed that he and Wife are seeing each other romantically.

After reviewing the record, we conclude that the trial court did not err in finding that both parties had committed adultery. We now review its decision to dismiss the divorce action on the basis of that infidelity.

### B. Dismissal of Lawsuit

 For many years in Tennessee, when both parties established that they had grounds for divorce, neither party was entitled to a divorce. *Thomasson v. Thomasson*, 755 S.W.2d 779, 789 (Tenn. 1988) (Drowota, J., dissenting) (citing *Brewies v. Brewies*, 27 Tenn.App. 68, 178 S.W.2d 84 (1943)). In *Brewies*, we stated as follows:

As a general rule, sometimes declared by statute, divorce is a remedy for the innocent against the guilty; hence, if both parties are equally at fault, a divorce will not be granted. If the conduct of both parties has been such as to furnish grounds for divorce, neither [party] is entitled to relief, or, as the rule sometimes is expressed, if both parties have a right to a divorce, neither of the parties has.

*Brewies*, 178 S.W.2d at 85 (quoting 27 C.J.S., Divorce, § 67a). This view of divorce in Tennessee was affirmed in *Thomasson*, when the Supreme Court reversed the trial court's grant of a divorce to a wife based on husband's cruel and inhuman treatment when the facts also showed that wife was guilty of adultery. Relying on *Brewies*, the Court stated as follows:

The result is that Husband has proven a cause of action for divorce to which Wife is without a valid defense and Wife has proven a cause of action for divorce to which Husband is without a valid defense. In such circumstances the Court cannot award a divorce to either party and their respective suits must be dismissed.

*Thomasson*, 755 S.W.2d at 787. Chief Justice Harbison, in his concurring opinion, stated that although the result in the case "may not be socially appealing," it was the correct decision based on the divorce laws in effect at the time. He went on to state, "If the General Assembly of the state wishes to adopt the principle of dual divorce, it may do so by amending existing statutes. Unless and until it does so, however, in my opinion the established interpretation of the statutes should be retained." *Id.* at 789 (Harbison, C.J., concurring). The following year, the legislature enacted Tenn.Code Ann. § 36–4–129, which provides in pertinent part:

The court may, upon stipulation to or proof of any ground for divorce pursuant to § 36–4–101, grant a divorce to the party who was less at fault, or if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

Tenn.Code Ann. § 36–4–129(b) (2007).[5] Thus, spouses who both have grounds for divorce are no longer trapped in their marriage, and a court can award a divorce to both parties without determining who was more at fault in the breakup of the union. *Pate v. Pate,* No. M1998–00947–COA–R3–CV, 2001 WL 985066, at *5 (Tenn. Ct.App. M.S., filed Aug. 27, 2001); *Lewis v. Frances,* No. M1998–00946–COA–R3–CV, 2001 WL 219662, at *15 (Tenn. Ct.App. M.S., filed March 7, 2001). Recognizing the wisdom of such a course of action, we stated as follows:

> We fully recognize that considerations of public policy demand that the institution of marriage be sheltered and safeguarded. But there is an obverse side to the coin of public policy and consideration must be given to the fact that society is ill-served by a legally commanded continuance of a marriage which exists in name only.

*Rowe v. Rowe,* No. M1999–01535–COA–R3–CV, 2000 WL 679225, at *2 (Tenn. Ct.App. M.S., filed May 25, 2000) (quoting *Farrar v. Farrar,* 553 S.W.2d 741, 744–45 (Tenn.1977)).

In the case at bar, the trial court found that Husband and Wife were both guilty of adultery. The courts of this state have regularly held that adultery can serve as a basis for a divorce on the ground of inappropriate marital conduct. *Watson v. Watson,* No. W2004–01014–COA–R3–CV, 2005 WL 1882413, at *4 (Tenn. Ct.App. W.S., filed Aug. 9, 2005). Indeed, the Tennessee Supreme Court stated as follows regarding proof of adultery in support of a divorce based on cruel and inhuman treatment (now known as inappropriate marital conduct):

[W]e cannot conceive of any stronger case of cruel and inhuman treatment than a persistent pattern of adulterous conduct. Nor may it be excused on the basis of a spouse not having contemporaneous knowledge of its occurrence. The hurt, the humiliation, the shame, the wounded pride, the rejection are the same whether the knowledge comes before, during or after the fact.

\* \* \*

We hold that there was ample evidence of cruel and inhuman treatment in this case. We further hold that proof of adultery is admissible in a divorce action charging cruel and inhuman treatment and may form the basis for a decree resting upon cruel and inhuman treatment.

*Farrar v. Farrar,* 553 S.W.2d 741, 744 (Tenn.1977). It is immaterial whether the adultery occurred after the parties were separated. *Hausmann v. Hausmann,* No. 01A–01–9702–CH–00092, at *4, 1997 WL 672649 (Tenn. Ct.App., filed Oct. 29, 1997).

The case at bar is remarkably similar to the situation presented to this Court in *Fulbright v. Fulbright,* 64 S.W.3d 359, 364 (Tenn.Ct.App.2001). In *Fulbright,* Mr. Fulbright and Mrs. Fulbright both admitted to having affairs during the course of their marriage. The trial court declared the parties divorced pursuant to Tenn. Code Ann. § 36–4–129 on the ground of inappropriate marital conduct. We affirmed the trial court's grant of the divorce, stating, "Upon reviewing the entire record in this case, we cannot say that the evidence preponderates against the Trial Court's findings, nor could we given the fact that both parties admitted to conduct

---

**5.** Although we quote the current language of Tenn.Code Ann. § 36–4–129, we note that it is *nearly identical to the version of the statute* that was passed by the General Assembly nearly two decades ago.

which would entitle the other to a divorce." *Id.*

We see no reason why the result should be different here. It is undisputed that Husband and Wife have been unfaithful to each other; in fact, they are both living at least part-time with other sexual partners. It has been more than two years since Husband and Wife have cohabitated, and we see no evidence that a reconciliation is likely, or even possible. Given these circumstances, we agree that "[n]o useful purpose can be served by a legally commanded continuance of a marriage which exists in name only." *Fox v. Fox,* 676 S.W.2d 956, 958 (Tenn.1984). Therefore, we find that the trial court erred by dismissing the complaint and counter-complaint for divorce filed by Husband and Wife. We vacate and remand with an order directing the trial court to declare Husband and Wife divorced on the ground of inappropriate marital conduct, pursuant to Tenn.Code Ann. § 36–4–129(b).

### C. Recrimination

 As a final note, we feel compelled to address an issue raised by Wife on appeal in support of her assertion that the trial court correctly dismissed this divorce suit. Wife asserts that the trial court applied the defense of recrimination as a bar to the action, even though the trial court does not use that term in its Order of Dismissal. Tennessee law establishes recrimination as a defense to a divorce on the ground of adultery as follows:

> If the cause assigned for the divorce is adultery, it is a good defense and perpetual bar to the same if the defendant alleges and proves that:
>
> (1) The complainant has been guilty of like act or crime; . . .

Tenn.Code Ann. § 36–4–112. Thus, an unfaithful spouse who can prove that the other spouse has also been unfaithful may thereby prevent the use of adultery as a ground for divorce in certain circumstances. However, because recrimination is an affirmative defense, *Thomasson v. Thomasson,* 755 S.W.2d at 786, it must be specially pleaded, Tenn. R. Civ. P. 8.03. In the case at bar, Wife did not allege adultery as a ground for divorce in her complaint, citing only inappropriate marital conduct and irreconcilable differences. In his counter-complaint for divorce, Husband alleged three grounds for divorce: adultery, irreconcilable differences, and inappropriate marital conduct. Thus, because Husband accused Wife of adultery, Wife would have been the one to whom the defense of recrimination was available. However, she failed to specially plead recrimination as a defense to the divorce in her answer to Husband's counter-complaint or in any other pleadings. As such, Wife could not have relied on recrimination to bar Husband's counter-complaint for divorce. Furthermore, Tennessee law provides that recrimination is only a defense to a divorce based on the ground of adultery; Husband's adultery would not prohibit him from obtaining a divorce on any of the other grounds enumerated at Tenn.Code. Ann. § 36–4–101, including inappropriate marital conduct. *See Fox,* 676 S.W.2d at 957. We find Wife's argument regarding recrimination to be without merit.

### V. Conclusion

After careful review, we hold that the trial court erred by dismissing this lawsuit. We vacate the judgment of the trial court and remand for entry of an order declaring Husband and Wife divorced and for further proceedings consistent with this opinion. All costs of appeal are taxed against the Appellee, Joann A. Boyatt.