IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 3, 2003 Session

## STANLEY DAVID ALFORD v. PAMELA WARD ALFORD

**Appeal by permission from the Court of Appeals, Eastern Section
Domestic Relations Court for Hamblen County
No. 4940      Joyce Mills Ward, Judge**

---

**No. E2001-02361-SC-R11-CV - Filed November 6, 2003**

---

We granted permission to appeal in this divorce case to determine: (1) whether the Court of Appeals erred in applying a "joint benefit" definition of marital debt and holding that debt incurred by Wife during the parties' ten-year separation was marital debt; and (2) whether the Court of Appeals correctly allocated this debt when it held that Husband should be required to pay Wife's marital debts.  We hold that debts incurred by either or both spouses during the course of a marriage are properly classified as marital debt; therefore the debts at issue in this case are marital. In allocating marital debts, trial courts should consider the following four factors: (1) the debt's purpose; (2) which party incurred the debt; (3) which party benefitted from incurring the debt; and (4) which party is best able to repay the debt.  Because the record does not contain sufficient evidence to determine how the debts in this case should be allocated, this case is remanded to the trial court to determine the proper allocation of the marital debts.  The trial court's determination shall be guided by the four factors set out above.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Affirmed in Part; Reversed in Part;
and Remanded to the Trial Court**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Janice H. Snider, Morristown, Tennessee, for the appellant, Stanley David Alford.

Douglas R. Beier, Morristown, Tennessee, for the appellee, Pamela Ward Alford.

1

# OPINION

## Factual and Procedural Background

The parties in this case, Pamela Ward Alford ("Wife") and Stanley David Alford ("Husband") have an unusual marital history. They were married on November 2, 1979, remained married for more than twenty years, but they spent about half of that time living apart, separating in 1989. They had one daughter, who is now an adult. After they separated, Wife filed for divorce in 1990, but withdrew the divorce complaint. The parties agreed to remain married "in name only" for their daughter's sake. Both parties agree that Husband's income was and is significantly greater than Wife's. No formal agreement was reached as to child or spousal support. Husband voluntarily paid $200 per month in child support until their daughter turned eighteen. He also maintained health insurance on their daughter, paid her medical bills, and paid for her college tuition. Wife agrees that Husband typically gave her any financial assistance she requested.

Husband filed for divorce on July 1, 1999. The divorce trial was held on January 12, 2001 and a final judgment was entered April 20, 2001, granting Husband a divorce on the ground of inappropriate marital conduct, specifically "Wife's deception in joint financial matters." The trial court noted that "[s]he had, without his knowledge or consent, acquired a second mortgage on their home of approximately $10,000.... After the action for divorce was filed, Husband learned that Wife had obtained credit cards in his name, made substantial charges and defaulted on the payments."

The trial court's judgment awarded each party an automobile and the furnishings and household goods in each party's possession. The trial court ordered that Wife's debts be paid out of the marital estate and that marital assets be divided equally.

Husband filed a motion to alter or amend the judgment, and the trial court modified its judgment such that Husband was ordered to pay Wife's debts up to $9,000. After the debts were paid, the parties were to add the values of their separate 401(k)s and investment accounts, and "transfer sufficient shares from Husband to Wife to reflect equal value to both parties."

One of the debts Husband was ordered to pay was a VISA credit card debt, not to exceed $3,500. Husband alleges that this debt was incurred in 1999 or 2000, after the parties' daughter had turned eighteen on June 15, 1998. Wife disputes that claim in her testimony:

> Wife: Some of it was debt to replace debt, essentially. You can move a card balance from one account to another, like I have a previous balance....
> The Court: So, even though these debts were incurred in '99 and '00, you're saying it's possible that debt was incurred actually before that time and you were just juggling?
> Wife: That is correct. That's absolutely correct.

2

Wife did not produce any credit card statements at trial. The only evidence regarding the purpose of the credit card debt was her testimony that "in some cases, I transferred over some debts to the new account, previous debts. I bought some gifts for family, my daughter, things for myself. Used it on business a couple of times." Husband was also ordered to pay a Commercial Credit Plan loan, not to exceed $1,000. Wife obtained this loan in her sole name around 1997. No evidence was introduced concerning the purpose of the loan.

Finally, Husband was ordered to pay a loan against Wife's 401(k), not to exceed $4,500. This loan was taken in 1998. At trial, Wife testified that she "used it to pay off some bills that I had incurred. I don't recall now what it – what they were." However, no documents or other evidence were introduced to show the purpose of the debt.

The Court of Appeals affirmed the judgment of the trial court. Husband filed for permission to appeal to this Court and permission was granted.

## Standard of Review

Defining marital debt and determining what factors should guide the allocation of marital debt are questions of law. We review questions of law *de novo* with no presumption of correctness. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993). Our review of findings of fact is de novo upon the record, with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); Hass v. Knighton, 676 S.W.2d 554, 555 (Tenn. 1984).

## Analysis

The Court of Appeals relied upon Mondelli v. Howard, 780 S.W.2d 769 (Tenn. Ct. App. 1989), for guidance in identifying and allocating marital debt. The Mondelli opinion stated that "[i]n dual property jurisdictions like Tennessee, the courts also distinguish between marital and separate debts and divide only the marital debts.... Marital debts are those debts incurred during the marriage for the joint benefit of the parties,... or the acquisition of marital property." Mondelli, 780 S.W.2d at 773. Mondelli adopted the following factors to be used for dividing marital debt between the divorcing spouses: (1) the debt's purpose; (2) which party incurred the debt; (3) which party benefitted from incurring the debt; and (4) which party is best able to repay the debt. Mondelli, 780 S.W.2d at 773.

Applying these standards to the present case, the Court of Appeals found that "there is no question that these debts were properly classified by the trial court as marital.... While Wife's testimony as to the purpose of the debts was somewhat vague, the trial court found that '[h]er credit card debts were incurred to maintain living expenses and payment obligations.'" After considering the four Mondelli marital debt allocation factors, the Court of Appeals held that the

3

evidence did not preponderate against the trial court's finding that Husband should be responsible for repaying the debts.

After carefully considering the matter, we reject the Mondelli analysis to the extent that it requires a trial court to engage in a preliminary determination of whether debt incurred during a marriage is marital or separate based on a "joint benefit" test. We believe that such a test would create substantial confusion and difficulty in determining what debts would meet the standard. For example, if one spouse incurs debt during the marriage to purchase a new automobile, would the purchase be for the joint benefit of both parties? If the automobile was used to drive children to school, would that change the result? The "joint benefit" test would require trial courts to go through a difficult and unnecessary inquiry, and we decline to adopt it.

"Marital debt" is not defined by any Tennessee statute and has never before been defined by this Court. However, marital debts are subject to equitable division in the same manner as marital property. Cutsinger v. Cutsinger, 917 S.W.2d 238, 243 (Tenn. Ct. App. 1995); Mondelli, 780 S.W.2d at 773. We take this opportunity to define "marital debt" consistent with the definition of "marital property" in Tennessee. "Marital property" is defined by statute as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing a complaint for divorce...." Tenn. Code Ann. § 36-4-121(b)(1)(A) (2001). We now hold that "marital debts" are all debts incurred by either or both spouses during the course of the marriage up to the date of the final divorce hearing.

Other jurisdictions, such as Montana and Missouri, have used a similar approach - developing a bright-line definition of marital debt by referencing the state's definition of marital property. For example, in In re Marriage of Scoffield, the Montana Supreme Court began its discussion of marital debt by examining Montana's definition of marital property, which "includes property acquired by either party during the marriage." In re Marriage of Scoffield, 852 P.2d 664, 667 (Mont. 1993). It then defined marital debt as "all debt incurred by either party during the marriage." Id. The debts at issue were incurred to support Wife's children from another marriage, and were held to be marital debts. The Missouri courts have likewise relied upon the state's definition of marital property, "all property acquired by either spouse subsequent to the marriage," to define marital debt as "debt incurred subsequent to the marriage." In re Marriage of Welch, 795 S.W.2d 640, 643 (Mo. Ct. App. 1990).

Accordingly, the debts incurred by Wife in the present case are marital because they were incurred during the course of the marriage. Unless a court has made provisions for the distribution of property in a decree of legal separation, a period of separation before divorce has no effect on the classification of debt as marital or separate.[1] Separated parties are still married.

---

[1]Spouses who wish to legally separate and have their property divided without divorce can do so. Tennessee Code Annotated § 36-4-121(b)(1)(A) (2001) provides that "[i]n the case of a complaint for legal

(continued...)

4

As the trial court in this case stated, "[t]hey cannot be both married and divorced. Courts should not concern themselves with the type of living arrangements chosen by adult parties to the union." These parties chose to remain married for many years although they lived apart and did not seek a legal separation. The debts they incurred during that time remain marital just as the property they acquired during that time remains marital.

Having determined that these are marital debts, we next consider how the debts should be allocated between Husband and Wife. Tennessee courts should use the four factors listed in Mondelli as guidelines in the equitable distribution of marital debt: (1) the debt's purpose; (2) which party incurred the debt; (3) which party benefitted from incurring the debt; and (4) which party is best able to repay the debt. Mondelli, 780 S.W.2d at 773. A careful application of these factors will insure the fairest possible allocation of debt. It will also protect the spouse who did not incur the debt from bearing responsibility for debts that are the result of personal excesses of the other spouse.

The record in this case is deficient with respect to two of the Mondelli factors. While it is clear that Wife incurred the debts and that Husband is the party best able to repay the debts, there is not sufficient evidence in the record indicating the purpose of the debts or who benefitted from incurring the debt. Thus, we remand this case to the trial court to determine how the marital debts are to be allocated between these parties. In making this determination, the trial court should be guided by the Mondelli factors and should require the parties to present more evidence relevant to the factors set out above. We note that the trial court has broad discretion and should do equity in allocating debt as one part of the overall distribution of marital property. Because the relevant financial liabilities of each of the parties is one of many relevant factors for the court to consider in making an equitable division of marital property, on remand the trial court should reconsider its equitable distribution of the parties' marital property. See Tenn. Code Ann. § 36-4-121(c)(2).

## Conclusion

We hold that all debts incurred by either or both spouses during the course of the marriage up to the date of the final divorce hearing are properly classified as marital debts . Accordingly, the debts incurred by Wife in this case are marital debts. In allocating marital debts, courts should apply the four Mondelli factors. Because the record in this case contains

---

[1](...continued)

separation, the court may make a final disposition of the marital property either at the time of entering an order of legal separation or at the time of entering a final divorce decree, if any. If the marital property is divided as part of the order of legal separation, any property acquired by a spouse thereafter is deemed separate property of that spouse." Because we have defined marital debt to correspond with the statutory definition of marital property, it follows that debt is separate if it is incurred after an order of legal separation that includes a final property division.

insufficient proof relevant to two of the four <u>Mondelli</u> factors, this case is remanded to the trial court for allocation of the marital debts, consistent with this opinion. The costs of this appeal are assessed against Mr. Alford.


_____
FRANK F. DROWOTA, III, CHIEF JUSTICE