IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2020

**WANDA SUE BINKLEY v. ALLEN DALE BINKLEY**

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-17-69          Ted A. Crozier, Judge[1]**
_____

**No. M2018-02251-COA-R3-CV**
_____

In this case arising from a divorce, Wife appeals the trial court's classification as marital property a piece of real estate, which was transferred to Wife during the marriage by her mother, and on which Wife owned and operated a business. Following a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J., joined.

B. Lynn Morton and Nick T. Tooley, Clarksville, Tennessee, for the appellant, Wanda Sue Binkley.

Roger A. Maness, Clarksville, Tennessee, for the appellee, Allen Dale Binkley.

**OPINION**

**I. FACTUAL AND PROCEDURAL HISTORY**

Wanda Sue Binkley ("Wife") and Allen Dale Binkley ("Husband") married on May 25, 1986. After thirty-one years of marriage, Wife filed for divorce on February 2, 2017. The trial court heard the matter on December 11, 2017, and entered a final divorce decree on June 22, 2018, declaring the parties divorced and dividing the marital estate. Wife filed a motion to alter or amend the judgment pursuant to Rule 59 of the Tennessee Rules of Civil Procedure, requesting that the trial court reconsider its classification of real property.

---

[1] Sitting by interchange.

The trial court denied the motion, and Wife timely appealed.

On appeal, Wife challenges one aspect of the trial court's decision, arguing that the trial court erred in classifying certain real property, located at 713 Greenwood Avenue, Clarksville, Tennessee, as marital property. Wife's mother, Pauline Bryant, originally owned two pieces of commercial real estate located at 713 Greenwood Avenue and at 715 Greenwood Avenue. Ms. Bryant had a commercial building constructed on 713 Greenwood in 1982. Wife began operating her cosmetology business at that location, and has done so for the past thirty-five years.

Ms. Bryant conveyed both parcels, 713 and 715 Greenwood, to Wife on February 4, 2002. According to Wife, she and Husband purchased 715 Greenwood for $25,000, and she does not dispute that parcel is marital property. Wife claims, however, that 713 Greenwood should have been classified as her separate property because Ms. Bryant gave it to her as a gift via quitclaim deed without consideration. Husband argues that the trial court correctly classified 713 Greenwood as marital property. He claims that the property was not a gift to Wife from Ms. Bryant, rather, it was purchased along with 715 Greenwood as part of a single transaction for $25,000.

Alternatively, Husband argues that if 713 Greenwood was a gift to Wife, it became marital property through commingling or transmutation. He argues that 713 Greenwood was treated no differently from 715 Greenwood and that "substantial marital funds were used for the acquisition, improvement, and upkeep of both properties." Husband also argues that 713 Greenwood was commingled or transmuted into marital property because, at some point after 1999, the parties jointly operated a wedding rental business out of the basement of 713 Greenwood, and because marital funds were used for the taxes and improvements to the property.

The sole issue presented for our review is whether the trial court erred in classifying 713 Greenwood Avenue as marital property.

## II. STANDARD OF REVIEW

The Tennessee Supreme Court set forth our standard of review in cases involving the classification and division of marital property in *Snodgrass v. Snodgrass*:

> The classification of particular property as either separate or marital is a question of fact to be determined in light of all relevant circumstances. This Court gives great weight to a trial court's decisions regarding the division of marital assets, and we will not disturb the trial court's ruling unless the distribution lacks proper evidentiary support, misapplies statutory requirements or procedures, or results in some error of law. As to the trial

- 2 -

court's findings of fact, we review the record de novo with a presumption of correctness, and we must honor those findings unless there is evidence which preponderates to the contrary. However, we accord no presumption of correctness to the trial court's conclusions of law.

295 S.W.3d 240, 245–46 (Tenn. 2009) (internal quotations and citations omitted).


### III. ANALYSIS

Because separate property is not subject to division in divorce proceedings, the division of the parties' marital estate begins with the classification of the property as separate or marital property. *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001). Marital property, generally, is "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce[.]" Tenn. Code Ann. § 36-4-121(b)(1)(A). Separate property is defined in part as "all real and personal property owned by a spouse before marriage, including, but not limited to . . . property acquired by a spouse at any time by gift, bequest, devise or descent[.]" Tenn. Code Ann. § 36-4-121(b)(2).

Husband and Wife disagree as to whether 713 Greenwood was given to Wife as a gift or whether the parties purchased it. Wife's mother, Ms. Bryant, conveyed two parcels to Wife on the same day: 713 Greenwood and 715 Greenwood. Ms. Bryant conveyed 715 Greenwood by warranty deed which states that the consideration for the transfer was $25,000. Ms. Bryant conferred 713 Greenwood by quitclaim deed to Wife, with the deed stating that the consideration for the transfer was "$0." Husband argues that the $25,000 was paid for both properties together. According to Husband, the funds used to purchase the properties came from a purchase money loan which was secured by a deed of trust granting the bank a mortgage on both properties. The Deed of Trust that secured the $25,000 loan as evidence shows that both 713 and 715 Greenwood were used as collateral on the purchase money loan.[2] Nonetheless, the mere fact that a security interest in 713 Greenwood secured purchase money for 715 Greenwood does not support Husband's

---

[2] Further, Husband points to his signature on the Deed of Trust as proof of his ownership interest. This Court has previously rejected that argument in *Sandford v. McKee*:

> We do not believe that [a spouse's] signature on the Deeds of Trust has any effect on [his or her] ownership interest in the . . . parcel. It is not unusual for a bank, when loaning money to one spouse who is the record owner of a piece of property, to require the other spouse to sign a Deed of Trust to protect the bank's interest in the property.

No. M2010-00562-COA-R3-CV, 2012 WL 4474177, at *6 (Tenn. Ct. App. Sept. 27, 2012).

argument.

We find it more significant that Ms. Bryant chose to transfer 713 Greenwood via quitclaim and to transfer 715 Greenwood via warranty deed, and that only one of the deeds showed that there was consideration paid. The different treatment of the two transfers preponderates in favor of a finding that 713 Greenwood, the location of Wife's beauty shop, was a gift from her mother Ms. Bryant. As a gift to Wife, 713 Greenwood is her separate property under section 36-4-121(b)(2)(D). However, Husband argues that even if the parcel was separate property, it became marital property through commingling or transmutation.

According to the testimony of both parties, Wife operated a beauty shop called "Hair Affair by Sue" at 713 Greenwood since about 1982 when the building was constructed on the lot (then owned by Wife's mother). The larger pieces of equipment – stationary hair dryers, shampoo stations, and so forth – were purchased prior to the marriage. Shortly after their daughter got married, Husband and Wife started a wedding equipment rental business in the basement of the beauty shop.[3] They purchased equipment such as candelabra and fountains, business machines, and a trailer to make deliveries. They also improved the building by adding a staircase to access the basement from inside the building, new carpet, and a new ceiling in the basement.

"[S]eparate property may be deemed marital by operation of law under theories of commingling or transmutation." *Snodgrass*, 295 S.W.3d at 247 (citing *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 747 (Tenn. 2002)).

> [S]eparate property becomes marital property [by commingling] if inextricably mingled with marital property or with the separate property of the other spouse. If the separate property continues to be segregated or can be traced into its product, commingling does not occur. . . . [Transmutation] occurs when separate property is treated in such a way as to give evidence of an intention that it become marital property. . . . The rationale underlying these doctrines is that dealing with property in these ways creates a rebuttable presumption of a gift to the marital estate.

*Snodgrass*, 295 S.W.3d at 256. This Court has recognized:

> Four of the most common factors courts use to determine whether real property has been transmuted from separate property to marital property are: (1) the use of the property as a marital residence; (2) the

---

[3] Neither Wife nor Husband remembers exactly when they began the wedding rental business, but both agree that it was shortly after their daughter's wedding in 1999.

- 4 -

ongoing maintenance and management of the property by both parties; (3) placing the title to the property in joint ownership; and (4) using the credit of the non-owner spouse to improve the property.

*Fox v. Fox*, No. M2004-02616-COA-R3-CV, 2006 WL 2535407 at *5 (Tenn. Ct. App. Sept. 1, 2006) (internal citations omitted).

The first factor does not apply because this case concerns a commercial property rather than a residence. As to the second factor, we find these facts relevant:

- Both parties participated in the wedding equipment rental business. Wife conducted the transactions, and Husband delivered the equipment.
- Husband also performed routine upkeep to all of the couples' commercial properties, including 713 Greenwood.

In regard to the third factor, Wife clearly held title to the property at issue, but title alone is not dispositive of the issue. "[T]he status of property depends not on the state of its record title, but on the conduct of the parties." *Cohen v. Cohen*, 937 S.W.2d 823, 833 n.12 (Tenn. 1996) (citing *Mondelli v. Howard*, 780 S.W.2d 769, 774 (Tenn. Ct. App. 1989)) *abrogated on other grounds by Alford v. Alford*, 120 S.W.3d 810 (Tenn. 2003).

With respect to the fourth factor, we find the following facts relevant:

- The beauty shop property at 713 Greenwood was used (along with 715 Greenwood) to secure the purchase money loan for 715 Greenwood; the loan was then repaid from marital funds.
- The couple took out a home equity line of credit on the marital home in order to finance the improvements to the building at 713 Greenwood and to purchase equipment for the wedding rental venture.
- The property taxes on 713 Greenwood were paid from a joint bank account belonging to Husband and Wife.[4]

---

[4] At trial, Wife testified as follows:

Q.     Now, a little while ago, you were testifying about all the rent -- excuse me -- all the taxes that have been paid for the shop and the other properties. And for the purpose of our court, the judge kind of narrowed us down and we're going to talk about just the beauty shop, okay? Now, you testified that, year by year, you paid these taxes, correct? But you're not telling the Court that you paid for those, did you?

A.     The -- usually the money would come out of our -- what we call our investment. The money for all of the taxes would just come out of that investment.

Q.     The joint investment account that you have with your husband?

A.     Yes.

Q.     So, every year the city taxes and the county taxes would be paid

We note that Wife testified that taxes and other financial obligations relating to 713 Greenwood were "paid by the business," but the trial record contains no business records. All evidence available to us in the record shows that taxes and other expenses were paid from marital funds. The facts of the case at bar are similar to those of *Anderson v. Anderson*, M2009-00337-COA-R3-CV, 2009 WL 3631029 (Tenn. Ct. App. Nov. 3, 2009). In that case, the husband owned a certain piece of real estate prior to marriage, and we held that the real estate became marital property by transmutation because the wife had obligated herself on a promissory note for which some of the proceeds were used to improve the husband's real estate. *Id*. at *2–3. The wife also helped the husband repay some of that loan. *Id*. Like in *Anderson*, we conclude that the property at 713 Greenwood began as separate property but became marital property by transmutation.

## IV. CONCLUSION

The evidence does not preponderate against the trial court's finding that the property at 713 Greenwood Avenue is marital property. Accordingly, we affirm the holding of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Wanda Sue Binkley.

_____
JOHN W. McCLARTY, JUDGE

---

A.      Most of the time
Q.      -- out of that account?
A.      -- yes.