IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2022

## SEAN CHRISTOPHER DAVIS v. SAMANTHA JEAN (DAVIS) HOFER

**Appeal from the Chancery Court for Sumner County**
**No. 2016-DM-132   Louis W. Oliver III, Chancellor**

———————————————————

### No. M2021-01132-COA-R3-CV
———————————————————

In this divorce, one of the former spouses appeals the court's division of certain marital debt. She claims that the division was inconsistent with the court's final judgment and that there was no basis to revisit its previous decision absent a request for relief under Tennessee Rule of Civil Procedure 60.02. Because we conclude that the previous decision addressing debts was not a final judgment, we affirm the court's division of marital debt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II, J., joined.

John R. Phillips, Jr., Gallatin, Tennessee, for the appellant, Samantha Jean (Davis) Hofer.

Sean Christopher Davis, Mount Juliet, Tennessee, pro se appellee.[1]

### MEMORANDUM OPINION[2]

#### I.

In December 2019, the chancery court declared Sean Christopher Davis and Samantha Jean Hofer divorced upon stipulation. *See* Tenn. Code Ann. § 36-4-129 (2021) (allowing parties to stipulate grounds for divorce). The divorce decree granted Ms. Hofer a judgment against Mr. Davis for a child support arrearage and provided for Christmas

---

[1] The appellee did not file a brief. So we decide this appeal on the record and the appellant's brief.

[2] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

visitation for the parties' two children. But otherwise the court reserved judgment on all other issues "not specifically addressed . . . including determination and equitable division of assets and debt and adoption of [an] appropriate Permanent Parenting Plan."

After a hearing the following month, which the court described as the "final hearing in this divorce proceeding," it entered a supplemental decree of divorce. The supplemental decree approved a permanent parenting plan and granted Ms. Hofer a new judgment for a child support arrearage based on updated numbers. The court also set a hearing to review Mr. Davis's progress on payment of the judgment, raising the prospect of "additional action for enforcement of the obligation."

As for the "determination and equitable division of assets and debt," which was referenced in the divorce decree, the supplemental decree only provided "that each party shall be responsible for his or her own individual debts with joint debt remaining the responsibility of both." It did not classify any debt as marital or separate or place a value on the debt. And the supplemental decree made no provision for the division of marital assets.

A short time later, the court conducted an evidentiary hearing. The child support arrearage and visitation were again issues. But the court also addressed other subjects. Those subjects included Mr. Davis's responsibility, if any, for a tax liability and Ms. Hofer's responsibility, if any, for lapsed liability insurance on a truck that was involved in an accident. On the tax liability, the court found that the parties had filed joint tax returns during their marriage and that a return had omitted some of Ms. Hofer's income. The omitted income resulted in a tax liability to the Internal Revenue Service, which Ms. Hofer had largely satisfied. The court found that the tax liability was a "joint debt" for which the parties were equally responsible. And it ordered Mr. Davis to reimburse Ms. Hofer for one-half of the payments she had already made to the IRS.

The "insurance issue" involved liability for a judgment entered solely against Mr. Davis stemming from an automobile accident. Another court had entered the judgment a few months before the decree of divorce. The accident involved a truck, driven by Mr. Davis, that was jointly own by the parties. The court found that, during the pendency of the divorce, Ms. Hofer paid for automobile insurance but the insurance had lapsed before the accident.

Mr. Davis sought reimbursement for one-half of the judgment amount "based upon the argument that[,] but for [Ms. Hofer's] failure to insure the vehicle, [he] would have had coverage" for the liability. Ms. Hofer countered that her responsibility for the accident had already been resolved and that the chancery court's previous orders were silent on the issue. The chancery court rejected Ms. Hofer's argument, stating that "any omission of this issue in the previous orders . . . [was] simply inadvertent" and that the record reflected that the

2

issue had been reserved for later decision. But the court took the matter under "further advisement" to allow Mr. Davis to supplement the record with additional documentation.

After Mr. Davis filed the additional documentation, Ms. Hofer responded that "[i]mposition of liability . . . for Mr. Davis'[s] 2016 negligence [wa]s not justified." Among other things, Ms. Hofer argued that, in seeking to hold her responsible for the judgment arising from the automobile accident, Mr. Davis was impermissibly seeking to alter or amend the supplemental decree of divorce. In scheduling the final hearing, the court had "specified that such hearing would include a 'determination and allocation of marital debts'" and the supplemental decree included such a determination. According to Ms. Hofer, the determination was "that each party shall be responsible for his or her own individual debts with joint debt remaining the responsibility of both."

The court concluded that it had expressly reserved the question of the classification of certain debt. Based on the testimony of Mr. Davis, the court found the total judgment arising from the automobile accident was for $10,000.[3] And it ruled that Ms. Hofer would be responsible for one-half of that amount.

## II.

Ms. Hofer raises a single issue for our review. She contends that "the trial court acted outside the scope of its authority in untimely amending a final judgment in the absence of a [Tennessee Rule of Civil Procedure] 60 motion or ground." A final judgment is a judgment that resolves all of the parties' claims, leaving nothing for the court to decide. *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). So a judgment is not final if it leaves pending claims or "the rights and liabilities" of some parties unresolved. *See* TENN. R. APP. P. 3(a) (defining judgments not appealable as of right). Determining whether a judgment is final requires an "examin[ation] [of] the parties' claims and the manner in which the trial court adjudicated those claims." *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

A trial court adjudicates or decides claims through its written orders. *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015). Interpretation of court orders is a question of law, which is reviewed de novo. *See Lamar Advert. Co. v. By-Pass Partners*, 313 S.W.3d 779, 785 (Tenn. Ct. App. 2009); *Pruitt v. Pruitt*, 293 S.W.3d 537, 544 (Tenn. Ct. App. 2008). The language of a court order is construed "in light of its usual, natural, and ordinary meaning." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 359 (Tenn. 2008). So "[i]f the language . . . is clear, then the literal meaning . . . controls." *Id.* But context can suggest a departure from ordinary meaning. *See* ANTONIN

---

[3] The judgment included in the record is a default judgment for $20,447.85 plus post-judgment interest. Mr. Davis explained that he obtained relief from the default judgment and the judgment was reduced.

SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 70, 73 (2012).  For court orders, the context includes the jurisdictional power of the court issuing the order and the case record, particularly the pleadings.  *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 423 (Tenn. Ct. App. 1983).

Ms. Hofer argues that the supplemental decree of divorce was the final judgment in the case.  According to her, the supplemental decree "fully resolved all divorce issues including allocation of debt between the parties."  And, unlike the decree of divorce, the supplemental decree did not expressly reserve judgment on any issue or claim.  Ms. Hofer characterizes Mr. Davis's effort to seek contribution for the judgment arising from the automobile accident as an attempt to seek relief from or to modify the supplemental decree.  Relief sought more than thirty days after entry of a final judgment must be sought under Tennessee Rule of Civil Procedure 60.02.  *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012).  And Ms. Hofer complains that Mr. Davis sought no such relief.

We conclude that the supplemental decree was not the final judgment.  In the decree of divorce, the trial court reserved both the "determination and equitable division of assets and debt."  We interpret the word "determination" to refer to the identification and classification of assets and debts as either marital or separate.  Although the supplemental decree might be interpreted as having divided marital debt by providing that "joint debt remain[s] the responsibility of both [parties]," neither the supplemental decree nor any prior order specifies which debts are marital.  And no value was placed on any of the debt.

Classification of assets and debts as either marital or separate should be the "first order of business" for a court when making a division of a marital estate.  *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988).  From this record, the court first classified the parties' debts when it addressed both the tax liability and the judgment against Mr. Davis arising from the accident.  With both, the court determines the debts to be marital.  Employing Ms. Hofer's logic, both determinations would represent an improper modification of the supplemental decree.  Yet she only challenges the court's determination that the judgment against Mr. Davis is marital debt.[4]

In a divorce, "the court having jurisdiction thereof may, upon request of either party, . . . equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just."  Tenn. Code Ann. § 36-4-121(a)(1) (2014).[5]  Although not referenced in the distribution of marital property statute,

---

[4] On appeal, Ms. Hofer does not challenge the merits of this determination, only whether the procedure followed in the trial court was proper.  A judgment rendered against one spouse prior to the final divorce hearing may be marital debt.  *See Luplow v. Luplow*, 450 S.W.3d 105, 111 (Tenn. Ct. App. 2014).

[5] Effective March 31, 2022, the Legislature amended the statute addressing division of marital estates.  2022 1 Tenn. Code Ann. Adv. Legis. Serv. 546-48 (LexisNexis).  We cite to the version of the statute in effect when the divorce was filed.

"marital debts are subject to equitable division in the same manner as marital property," by request of the parties. *Alford v. Alford*, 120 S.W.3d 810, 813 (Tenn. 2003). Here, based on the reservation clause found in the decree of divorce and the evidentiary hearing held by the court, the record shows that just such a request was made. And that request was not satisfied by the supplemental decree or any prior order of the court. So the court did not err in classifying and assigning debt after entry of the supplemental decree.

## III.

The trial court did not act outside of its authority by equitably dividing marital debt following the entry of the supplemental decree of divorce. So we affirm the judgment of the trial court.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE